UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORELIA RIVERA, | |
| Plaintiff, | No. 1:18-CV-06303 |
| v. | Honorable Edmond E. Chang |
| AEROVIAS DE MEXICO, S.A. DE C.V., a foreign corporation d/b/a AEROMEXICO, and AEROLITORAL S.A. DE C.V., a foreign corporation, d/b/a AEROMEXICO CONNECT, | |
| Defendants. | |

## ORDER

This order accompanies Court Set 1 of the revised jury instructions to explain the decisions reflected in Court Set 1. Page-number references are to the page numbers that appear on the bottom of the pages, rather than the PDF pagination. In a few places in Court Set 1, placeholders are in **[[bold / double-brackets]]** to be adjusted during the instructions conference. In some instances, for narrative clarity, the Court re-ordered the instructions from the order that was presented by the parties.

Despite the Court's standing order on pretrial procedures, the parties did not provide the Court with a singular document of proposed instructions laying out the reasons for objections and counter-proposals in sequence. Instead, the parties filed entirely separate proposed jury instructions. In crafting Court Set 1, the Court referenced both parties' proposed instructions, accounting for disagreements and discrepancies between the two. This Set attempts to resolve disagreements as much as possible, and this Order provides greater detail on certain decisions reflected in the Set.

**Testimony of Witnesses (page 13).** Court Set 1 adopts the parties' proposed jury instruction, which is Seventh Circuit Pattern Jury Instruction 1.13. It also includes the bracketed text in the Seventh Circuit's recitation of the instruction

regarding the testimony of a party to the case, even though Rivera's proposed instruction did not include it. Of course Rivera testified at trial, so it is applicable.

**Expert Witnesses (page 18).** Court Set 1 adopts the parties' proposed jury instruction, which is (for the most part) Seventh Circuit Pattern Jury Instruction 1.21. The Defendants' version of the instruction added "the parties'" before "expert witnesses." Court Set 1 omits this addition because it is superfluous.

**Burden of Proof (page 21).** Court Set 1 omits Rivera's proposed jury instruction explaining what "burden of proof" means, which is Illinois Pattern Instruction 21.01. This instruction is largely a restatement of Seventh Circuit Pattern Jury Instruction 1.27, which is included in Court Set 1 and was proposed by both parties.

**Injuries and Damages (page 22).** At the instructions conference, the Court will discuss with the parties whether "bodily" should be omitted before "injury" in both elements. Separately, to remove legal-ese, Court Set 1 replaces "propositions" with "things."

**Proximate Cause (page 23).** Court Set 1 adopts the parties' proposed jury instruction, which is Illinois Pattern Jury Instruction 15.01. Rivera's proposed instruction also included a version of the second paragraph of the pattern instruction, which explains that if "the Defendants were negligent," such that they caused the Plaintiff's injuries, then "it is not a defense that something or someone else may have been a cause of the injury." R. 130, Pl.'s Prop. Instruction No. 26.

Court Set 1 adopts this paragraph but makes two edits: first, replacing references to "the Defendants' negligence," with "the plane accident." The parties have already stipulated that the plane crash constitutes an "accident" within the meaning of the Montreal Convention. Negligence is thus not at issue in this trial, and the central question for the jury is whether the *accident,* not negligence, caused the injuries.

Second, the final sentence was: "However, if you decide that the accident was not a proximate cause of the Plaintiff's injury, then your verdict should be for the Defendants." But given that liability has been acknowledged, the more precise way of saying this is: "However, if you decide that the accident was not a proximate cause of the particular injury in dispute, then you should award no damages for that injury."

**Stipulations of Fact (page 24).** Court Set 1 adopts Seventh Circuit Pattern Jury Instruction 2.05, which was proposed by both parties. For the stipulations themselves, the Court included the stipulations as written in the latest joint filing. R. 206.

**Measure of Damages (page 26).** The Court made certain edits for clarity and style. For example, the parties proposed their own wording for the first line, and Court Set 1 adopts neither version—instead opting for a more concise phrasing in non-legalese. Court Set 1 also replaces the reference to "negligence" in the second sentence with "accident," again because negligence is not at issue in this trial. Court Set 1 also omits the Defendants' proposed sentence on "disability," because that is simply an alternative word for "loss of a normal life" in Illinois Pattern Instruction 30.04.01. Because "disability" may be construed by some jurors as a specific term of art, the Court adopts the "loss of normal life" option.

Court Set 1 also includes past and future emotional distress (described in Illinois Pattern Instruction 30.05.01) as category of damages, even though the Defendants did not propose this instruction in their version. Rivera is claiming emotional distress damages, *see* R. 198, Am. Prop. Joint Pretrial Ord. at 111, and there is sufficient evidence to support the claim. *Id.* at 6, 8.

Court Set 1 also includes past and future lost earnings (described in Illinois Pattern Instruction 30.07) as a category of damages, even though the Defendants did not propose this instruction in their version. Rivera is claiming past and future loss of income from her part-time job at United Airlines. Am. Prop. Joint Pretrial Ord. at 111.

**Aggravation of Pre-Existing Condition (page 28).** With certain edits for style and readability, Court Set 1 adopts the parties' proposed instruction on pre-existing conditions, which is Illinois Pattern Instruction 30.21. The Defendants' version omitted the first line about the jury deciding for Rivera on the question of liability. The Court generally retained that text but edited it to refer to the accident; the goal is to maintain the principle that the jury may only award damages for injuries that the jury finds were caused by the accident (but to avoid references to liability, which is not an issue in the case).

**Future Damages (page 29).** Court Set 1 adopts—with minor stylistic edits—the parties' proposed instruction on future damages and life expectancy, which is

Illinois Pattern Instruction 34.01. The Defendants' version referenced "future medical expenses" whereas Rivera's version referenced "loss of earnings." Court Set 1 adopts Rivera's version on this point.[1] As the Court understands it, Rivera is requesting damages for "future pain and suffering, disability, loss of a normal life, and … future emotional distress," Am. Prop. Joint Pretrial Ord. at 111, in addition to future lost wages. R. 129-3, Exh. C, Tabak Rep. at ECF page 4. The Defendants' proposed version mentioning "future medical expenses" is redundant, because the sentence already references "damages arising in the future because of injuries," which would necessarily include future medical bills.

**Future Damages: Present Cash Value (page 30).** Court Set 1 adopts, with some edits for readability, the parties' proposed instructions on present cash value, which is the Illinois Pattern Instruction 34.02. Court Set 1 includes the Defendants' reference to "future medical expenses" (if that category remains in the case, which will be discussed at the instructions conference) and Rivera's reference to "loss of future earnings" in the opening line because it makes sense for the purposes of this instruction to separate medical expenses from injuries themselves, which are not reduced to present cash value. But Court Set 1 omits the Defendants' reference to loss of future benefits; as explained in the pretrial conference Order, Rivera may not present an economic-loss claim for future "lost" health insurance. *See* 07/20/2025 Order at 16–19, 30. Tabak's report does not include economic damages for loss of future benefits aside from the health insurance (it explicitly states that "travel vouchers" are "not included in loss"). Tabak Rep. at ECF page 3.

**Mortality Tables as Evidence of Damages (page 31).** Court Set 1 generally adopts Rivera's proposed instruction on the mortality table, which is the Illinois Pattern Instruction 34.04, but edited the age and years to match the parties' in-trial stipulation. The Court also made some stylistic edits for clarity and readability.

**Selection of Presiding Juror; General Verdict (page 32).** Court Set 1 omits both parties' proposed instructions on the use of verdict forms from Illinois Pattern Instructions B45.01 and B45.03. This is because those instructions are largely a

---

[1] Because the Court adopted Rivera's proposed version mentioning future loss of earnings, it also adopts the optional sentence in I.P.I 34.01 explaining relevant considerations for loss of future earnings.

restatement of the Seventh Circuit Pattern Jury Instruction 1.32, which is already adopted by Court Set 1 as proposed by both parties.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 28, 2025